**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**August 18, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60584
Summary Calendar

JOSE DAVID MORALES-GUERRA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 314 975
--------------------

Before BENAVIDES, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Jose David Morales-Guerra (Morales), a citizen of El

Salvador, petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the immigration judge's (IJ)

denial of Morales's application for withholding of removal under

the Immigration and Nationality Act (INA).

    This court usually reviews only the BIA's decision, not that

of the IJ, except to the extent that the IJ's decision influences

the BIA.  Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Because the BIA adopted and affirmed the IJ's decision, however,

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the IJ's decision is the final agency determination for judicial review.  Id.

To obtain withholding of removal under the INA, an applicant "must show that it is more likely than not that his life or freedom would be threatened by persecution," based on his political opinion, race, religion, nationality, or membership in a particular social group.  Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002) (quotation marks omitted).  We review for substantial evidence the determination that an alien is not entitled to withholding of removal.  See id. at 905-06.

Morales contends that the IJ erred by determining that he had not shown it was more likely than not he would be subjected to persecution because of his former employment as a police officer, if he returned to El Salvador.  The record does not compel a finding that Morales met his burden to show that he was entitled to withholding of removal under the INA.  See Roy v. Ashcroft, 389 F.3d 132, 138-39 (5th Cir. 2004).  Thus, Morales has failed to show that the IJ's decision was not supported by substantial evidence.  See Mikhael, 115 F.3d at 302.

The petition for review is DENIED.