United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60397
Summary Calendar

NEZAHAT EMINOVSKA; AKTAN EMINOVSKA,

            Petitioners,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

            Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A79 417 109, A79 417 110

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Nezahat Eminovska and her son, Aktan Eminovska (the Petitioners), were born in the

Republic of Macedonia.  They seek review of a Board of Immigration Appeals' (BIA) order denying

their applications for asylum, withholding of removal, and relief under the United Nations Convention

Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).  For the

following reasons, the petition is denied.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When, as here, the BIA summarily affirms and adopts the immigration judge's (IJ) decision, the IJ's decision is the final agency determination for purposes of the appeal.[2] The IJ's legal conclusions are reviewed *de novo*[3] and the factual findings are reviewed for substantial evidence.[4] Substantial evidence is lacking only if the evidence is "'so compelling that no reasonable factfinder could fail to find' the petitioner statutorily eligible for relief."[5]

To establish eligibility for asylum, an alien must demonstrate past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.[6] If the alien has suffered past persecution, the application for asylum may still be denied if circumstances in the country of nationality have "fundamental[ly] changed . . . such that the applicant no longer has a well-founded fear of persecution."[7] A similar change-of-conditions provision applies to withholdings of removal.[8]

In this case, substantial evidence supports the IJ's finding that conditions in Macedonia have changed such that the Petitioners' fears of persecution are not well-founded. In 2001, violence erupted in Macedonia when a group of ethnic Albanians launched an insurgency against government forces. The Petitioner testified that, during the insurgency, minorities were targeted and killed. The

---

[2]*Zhang v. Gonzales*, 432 F.3d 339, 343 (5th Cir. 2005).

[3]*Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997).

[4]*Id.* at 304; *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

[5]*Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)).

[6]*Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005); 8 C.F.R. § 208.13(b).

[7]8 C.F.R. § 208.13(b)(1)(i)(A); *see also Shehu v. Gonzales*, __ F.3d __, __ (5th Cir. 2006).

[8]8 C.F.R. § 208.16(b)(1)(A).

Petitioner stated that she and her son were targeted because of their Turkish ancestry and Moslem religion. The Petitioner relied on evidence that, during the insurgency, a Macedonian soldier said, "We're going to kill Turks." She also testified that during the insurgency people wearing masks and carrying rifles knocked on her door and yelled at her to leave. Even before the insurgency, people called her and her son names, made fun of them, and told them to leave. The IJ accepted the Petitioner's testimony as credible.

But the Petitioner also testified that she was unaware that the violent insurgency had ended. The record indicates that the insurgents and the Macedonian government negotiated a cease fire in July of 2001, and an ethnic Turk later became a deputy minister in the government. Based on the record, it appears that violence directed against ethnic Turks has largely diminished, although an ethnic Turkish mayor was reportedly beaten by police officers in 2002. Ethnic Turks still complain of discrimination, for example, in being unable to educate their children in Turkish; however, neither this complaint nor the name-calling and other pre-insurgency discrimination reported by the Petitioner rises to the level of persecution.[9]

Based on this record, substantial evidence supports the IJ's conclusion that due to changed conditions in Macedonia, the Petitioners lack well-founded fears of persecution.[10] The Petitioners have also failed to establish that "'more likely than not [they] would be tortured if removed'" to

---

[9]*See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding that stone-throwing, denigration, harassment, and threats ordinarily do not amount to persecution).

[10]*See Shehu*, __ F.3d at __ (upholding the IJ's finding of changed conditions following changes in the country's government and significant decreases in violence).

Macedonia, as required for relief under the CAT.[11]  For these reasons, the petition for review is

DENIED.

---

[11]*See Bah v. Ashcroft*, 341 F.3d 348, 351-52 (5th Cir. 2003) (quoting 8 C.F.R. § 208.16(c)(2)).