**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60843
Summary Calendar

_____

AKBARALI KASAMALI MAREDIA; ASTHMA AKBARALI MAREDIA; ELIZA
AKBARALI MAREDIA; ZOHARA AKBAR MAREDIA,

                                        Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 454 372
BIA No. A95 454 373
BIA No. A95 454 374
BIA No. A95 454 379
--------------------

Before DAVIS, WIENER, BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Akbarali Kasamali Maredia, his children, Asthma Akbarali
Maredia and Eliza Akbarali Maredia, and his wife, Zohara Akbar
Maredia, natives and citizens of India, petition for review of an
order to the Board of Immigration Appeals (BIA) affirming an
order of the immigration judge (IJ) denying their consolidated
application for asylum and withholding of removal and for relief
under the Convention Against Torture (CAT).  Akbarali Kasamali

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maredia (Maredia), the lead applicant, concedes that his asylum application was untimely filed, but he argues that he indicated, within the one-year filing period, his intent to file an asylum application. We lack jurisdiction to review this claim, which is therefore dismissed. See 8 U.S.C. § 1158(a)(3); Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2005).

This court must defer to the BIA's decision unless substantial evidence compels a contrary conclusion. See INS v. Elias-Zacarizs, 502 U.S. 478, 483-84 (1992). Where, as here, the BIA has adopted and affirmed the IJ's decision and also included additional comments supporting its affirmance, this court has jurisdiction to review both the BIA's and the IJ's decisions. See, e.g., Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Maredia challenges the IJ's determination that he is not entitled to withholding of removal or protection under the CAT based on his Muslim religion. He contends that he established his eligibility for withholding of removal under both the INA and the CAT by adducing evidence that he was not admitted to college because he is a Muslim, that Hindus extorted money from him and his uncle in 1989, and that his chemist shop was burned down by Hindus in 2002.

The record evidence in the instant case does not compel a conclusion contrary to the IJ's and the BIA's determination that the petitioners were not entitled to withholding of removal under the INA. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994).

With citation to government reports from 2004 and 2005 and Maredia's own testimony before the IJ, the BIA noted that, even if it assumed past persecution on account of religion, conditions in India have changed to such an extent that the petitioners could no longer demonstrate a "clear probability" of future persecution on account of religion. Maredia offers only conclusory, unsupported assertions that he will be persecuted and tortured if he returns to India. Maredia's claim is unavailing. See Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004).

Maredia's CAT claim is likewise unavailing, as there is substantial evidence to support the BIA's determination that he has failed to show that he will likely be tortured if he is returned to Senegal. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

PETITIONS DISMISSED IN PART FOR LACK OF JURISDICTION; PETITIONS DENIED IN PART.