United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60195
Summary Calendar
_____

YRIEL DAUDIN, also known as Iriel Daudin, also known as Daudin
Iriel,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 130 900
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Yriel Daudin, a native and citizen of Haiti, petitions this

court for review of the decision of the Board of Immigration

Appeals (BIA) denying him the withholding of removal and relief

under the Convention Against Torture (CAT). Daudin's argument

that he was denied relief based on erroneous adverse credibility

determinations is without merit because the BIA specifically

declined to make an adverse credibility finding. With respect to

his assertion of past persecution based on an imputed political

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opinion, Daudin's claim of derivative persecution failed because Daudin failed to set forth any evidence that his mother's political opinion would be imputed to him.  See, e.g., Roy v. Ashcroft, 389 F.3d 132, 138-39 (5th Cir. 2004).  The immigration judge thus did not err by requiring Daudin to show a clear probability of future persecution on account of one of the protected grounds.  Id.  Because Daudin failed to make such a showing, the immigration judge did not err by subsequently apportioning to Daudin the burden of proof in establishing that a change in the conditions in Haiti made him unable to return to that country.  Finally, the immigration judge did not err in evaluating Daudin's request for relief under the CAT.  See Efe v. Ashcroft, 293 F.3d 899, 906-07 (5th Cir. 2002).

　　PETITION DENIED.