# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-60501
Summary Calendar

HAMZAH ABDEL AL JAROSHIEH

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 625 309

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hamzah Abdel Al Jaroshieh, who claims Palestinian nationality and carries a Jordanian passport, petitions for review of the Board of Immigration Appeals' (BIA's) decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. The BIA adopted the immigration judge's (IJ's) decision "to the extent that" the IJ found that Al Jaroshieh "had not met his burden of proof."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Al Jaroshieh claims that he was persecuted by Israeli authorities and by the Palestinian Authority (P.A.) when he was living in the West Bank because he gave several public speeches in which he criticized the negotiations to end the armed conflict between Israelis and Palestinians. He contends that both the Israeli authorities and the P.A. repeatedly went to his house to question him about his political views opposing the peace negotiations. He says that there was a warrant for his arrest and that, on one occasion, Israeli forces burned the kitchen in his residence. He acknowledges that he was never arrested and was never even questioned by representatives of either Israel or the P.A. Moreover, between the time he arrived in the United States in 2001 and the giving of his testimony at the hearing on his application in 2004, representatives of the authorities made no inquiry of his family concerning his whereabouts.

If the BIA has made no error of law, we will affirm its conclusion if it is based on the evidence presented and is substantially reasonable. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002). We will reverse only if the evidence compels a contrary conclusion. Carbajal-Gonzalez v. I.N.S., 78 F.3d 194, 196 (5th Cir. 1996).

To demonstrate persecution, the applicant must show "that harm or suffering will be inflicted upon [the applicant] in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and punctuation omitted). Denigration, harassment, and threats do not amount to persecution. Eduard v. Ashcroft, 379 F.3d 182, 187 n.4 (5th Cir. 2004). Persecution "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." Majd v. Gonzales, 446 F.3d 590, 595 (5th Cir. 2006) (internal quotation marks omitted).

The "well-founded fear" requirement has both a subjective and objective component. Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997). The applicant

must subjectively fear persecution, and that subjective fear must be objectively reasonable.  Eduard, 379 F.3d at 189.

The record does not compel the conclusion that the authorities' treatment of Al Jaroshieh rose to the level of persecution or that Al Jaroshieh has a well founded fear of future persecution.  Additionally, because Al Jaroshieh has not satisfied the standard for asylum, it follows that he cannot meet the higher burden required for withholding of removal.  See Eduard, 379 F.3d at 186 n.2.

Al Jaroshieh's brief did not address the question whether it was error to have denied him relief under CAT or voluntary departure.  Accordingly, we deem those issues to have been waived.  Zhu v. Gonzales, 493 F.3d 588, 593, n.10 (5th Cir. 2007).

PETITION DENIED.