# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-60101
Summary Calendar

ANGEL GABRIEL GUEVARA-LOPEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 086 843

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Angel Gabriel Guevara-Lopez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision denying his application for withholding of removal. He avers that he will be persecuted on account of his membership in two particular social groups, i.e., young Salvadoran males

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

targeted for recruitment by the Mara Salvatrucha (MS) street gang and his family unit.

We review the BIA's determination that an alien is not entitled to withholding of removal for substantial evidence and will not reverse the BIA's decision unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To qualify for withholding of removal, the alien "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* To establish that he is a member of a particular social group, Guevara-Lopez must show that he shares a common immutable characteristic that he cannot change or should not be required to change because it is fundamental to his individual identity or conscience. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006).

The BIA did not err in concluding that Guevara-Lopez did not demonstrate that he was a member of a particular social group entitled to protection. The putative group of young Salvadoran males targeted for recruitment by the MS street gang is overly broad and does not establish a meaningful basis for distinguishing Guevara-Lopez from other people. Guevara-Lopez also has failed to establish either that society would perceive members of a family unit opposed to MS as a group or that his family is in a substantially different situation than anyone in the general population who resists MS or is perceived as a threat to its interests, i.e., Guevara-Lopez submitted no evidence that the alleged threats against him and his family were committed for reasons other than MS's general interest in increasing its influence by recruiting others to fill its ranks. Accordingly, there is substantial evidence to support the BIA's denial withholding of removal. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

2

The petition for review is DENIED.