**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2010

Lyle W. Cayce
Clerk

No. 09-60929
Summary Calendar

RICHARD MCAKECH,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 009 492

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard McAkech has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing McAkech's appeal from the decision of the Immigration Judge (IJ) denying McAkech's petition for asylum, withholding of removal, and for relief under the Convention Against Torture (CAT). McAkech contends that the BIA's affirmance of the IJ's adverse credibility finding in rejecting his request for withholding of removal is not supported by substantial evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In making a credibility finding, "an IJ may rely on *any* inconsistency or omission . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). This court will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted). The IJ is not required to consider only inconsistencies, inaccuracies, and falsehoods that go to the heart of an applicant's claim, *id.* at 537 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), as details at the periphery of the applicant's story "may expose a liar." *Id.* at 539 (internal quotation marks and citation omitted).

The IJ reported that McAkech's affect, in describing the attack on his residence that formed the basis for his petition, was flat, and that his responses to questions were vague, hesitant, and evasive. McAkech was unwilling or unable to state consistently and clearly the details of his divorce from his first wife and the reason why she did not accompany him to the United States. These factors are particularly pertinent, given that McAkech was the beneficiary of three unsuccessful I-130 petitions. Although McAkech bore the burden of showing that he is eligible for withholding of removal, *see Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004), he made little effort to corroborate his testimony with documentary evidence. *See also Wang*, 569 F.3d at 537 (quoting § 1158(b)(1)(B)(ii)). We cannot conclude, based on the totality of the circumstances, that it is plain that no reasonable factfinder could have made an adverse credibility finding in this case. *See id.* at 538.

We have not reached McAkech's arguments with respect to the BIA's decision affirming the IJ's alternative ruling that McAkech had failed to show that he had been persecuted on the basis of a protected ground. McAkech raises no issue with respect to the denial of his asylum application and request for relief under the CAT. The petition is DENIED.