United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60590
Summary Calendar
_____

RIYAZ NAZARA KAROWADIA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-985-814
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Riyaz Nazara Karowadia, a native and citizen of India,
petitions for review of an order of the Board of Immigration
Appeals affirming the immigration judge's denial of Karowadia's
applications for withholding of removal under the Immigration and
Nationality Act (INA) and the Convention Against Torture (CAT).

    To obtain withholding of removal under the INA, an applicant
"must show that it is more likely than not that his life or
freedom would be threatened by persecution" based on his
political opinion, race, religion, nationality, or membership in

--------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a particular social group; under the CAT, that he is likely to be tortured.  Efe v. Ashcroft, 293 F.3d 899, 906-07 (5th Cir. 2002) (quotation omitted).  We review for substantial evidence the determination that an alien is not entitled to withholding of removal.  See id. at 905-06.

Karowadia contends the BIA erred by affirming the IJ's determinations that he had not shown it was more likely than not he would be subjected to persecution or targeted for torture because of his religion (Muslim) if he returned to India.  The record does not compel a finding that Karowadia met his burden to show he was entitled to withholding of removal under either the INA or the CAT.  See Roy v. Ashcroft, 389 F.3d 132, 139-40 (5th Cir. 2004).  Karowadia has failed to show the BIA's decision was not supported by substantial evidence.  See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).  The motion for stay of removal is dismissed as moot.

PETITION FOR REVIEW DENIED.