United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61171
Summary Calendar

ROWLAND EGHRE AKPOJIYOVWI,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A78 999 162)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Rowland Eghre Akpojiyovwi, a native and citizen of Nigeria, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Akpojiyovwi sought relief based on his fear that his two minor daughters would be forced to undergo female genital mutilation (FGM) if he were removed to Nigeria.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Akpojiyovwi argues that the BIA improperly engaged in fact-finding and clarified the immigration judge's (IJ) decision when the case was remanded for clarification of the basis for the BIA's decision. On remand, the BIA made clear that it was adopting the IJ's determination that Akpojiyovwi's asylum application was untimely. Accordingly, Akpojiyovwi's argument is misplaced.

Akpojiovwi also contends that the IJ erred in determining that his asylum application was barred by the one-year filing deadline in 8 U.S.C. § 1158(a)(2)(B). He contends that the deadline should have been extended under 8 C.F.R. § 208.4 because of changed circumstances based on the fact that his daughters entered the United States before he did, they could not apply for asylum as minors, and because his daughters were reaching the age of circumcision in his family which was around ten years old. We lack jurisdiction to review the BIA's determination that Akpojiyovwi's asylum claims are time-barred and that no exception to the one-year filing requirement applies. 8 U.S.C. § 1158(a)(3).

We also lack jurisdiction to address Akpojiyovwi's claim of humanitarian asylum, because Akpojiyovwi did not exhaust this claim by raising it before the BIA. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004). Accordingly, Akpojiyovwi's challenge to the dismissal of his asylum application as untimely is dismissed.

There is substantial evidence to support the BIA's determination that Akpojiyovwi did not meet the standards for withholding of removal or obtaining relief under the CAT. See

2

Tamara-Gomez v. Gonzales, 447 F.3d 343, 347 (5th Cir. 2006); 8 C.F.R. § 1208.16(b)(2) & (c). The BIA found that the practice of FGM was declining in Nigeria and that Akpojiyovwi had not shown that he and his daughters could not safely relocate within the country. Akpojiyovwi has not shown that the evidence compels a contrary conclusion. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Finally, Akpojiyovwi argues that the denial of relief violates the Equal Protection Clause in light of the Sixth Circuit's decision in Abay v. Ashcroft, 368 F.3d 634 (6th Cir. 2004), which determined that a mother and daughter met the definition of refugees based on their asserted fear of the daughter being forced to undergo FGM if they were returned to Ethiopia. He contends that his situation is the same.

The Equal Protection Clause protects similarly situated persons from being treated differently without a rational basis. See United States v. Abou-Kassem, 78 F.3d 161, 165 (5th Cir. 1996). Akpojiyovwi cannot establish an equal protection claim based on Abay, because his asylum claims were denied as time-barred. Thus he was not similarly situated to the petitioners in that case. To the extent that he seeks withholding of removal, he has not shown that the situation in Nigeria, where the incidence of FGM is 50-60% of the female population and has been outlawed in several regions, is similar to the situation the petitioners in Abay encountered in Ethiopia, where the practice had not been outlawed and was almost universal. Abay, 368 F.3d at 639.

3

The petition for review is DISMISSED as to Akpojiyovwi's asylum claims and DENIED as to his remaining claims. Akpojiyovwi's counsel's motion to withdraw is DENIED.

4