United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60354
Summary Calendar

———————————

RIYAZALI PRASLA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 990 689
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Riyazali Prasla petitions this court for review of an order
of the Board of Immigration Appeals (BIA) affirming the denial of
his application for withholding of removal under the Immigration
and Nationality Act and withholding of removal pursuant to the
Convention Against Torture (CAT).  We review questions of law de
novo; factual findings will be upheld if they are supported by
substantial evidence.  See Efe v. Ashcroft, 293 F.3d 899, 903
(5th Cir. 2002).

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prasla asserts that, if he were returned to India, he would face persecution because he is a Muslim. He further asserts that this would constitute torture under the CAT. The only violence suffered by Prasla on account of his religion was the injury to his head and back when he was beaten with chains and sticks in 1999 and the burning of his family's store in 1993. He speculated that religion motivated the attacks, testifying that the "the only reason he [could] think of is because we were Muslims and it was [the Hindus'] country." Prasla's testimony establishes that the attackers would jail and torture "[w]hoever they [could] catch" but that the attackers did not violently hit them and did not keep them captive long.

The mistreatment recounted during the hearing before the Immigration Judge (IJ) qualified as mere denigration, harassment, and threats rather than persecution. See Eduard v. Ashcroft, 379 F.3d 182, 188 (5th Cir. 2004). The violence Prasla suffered did not qualify as "[t]he infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments." See Mikhael v. INS, 115 F.3d 299, 303 n.2 (5th Cir. 1997). Thus, Prasla has not shown that the evidence compels a conclusion contrary to the determination of the IJ and BIA that he did not establish a "clear probability" that he would suffer persecution upon his arrival in India, the proposed country of removal. See Roy v.

Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004). We find that the record evidence supports the BIA and IJ's determination that Prasla is not eligible for withholding of removal.

The violence described is also insufficient to qualify as torture under the CAT. Even if the 1993 store burning and 1999 beating qualified as past torture for purposes of the CAT, the long time span between the incidents discussed at the hearing and the absence of major incidents since 1999 suggest that the government of India is not likely to torture Prasla upon his return to India. See Tamara-Gomez v. Gonzales, 447 F.3d 343, 351-52 (5th Cir. 2006). Moreover, Prasla's parents and brother continue to live in India without being "tortured." Accordingly, Prasla has not shown that the evidence compels the conclusion that he has shown that he would more likely than not be tortured by government authorities if he were returned to India. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002). We therefore cannot find that the IJ and BIA erred by denying him relief under the CAT.

Accordingly, Prasla's petition for review is DENIED.