**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2011

Lyle W. Cayce
Clerk

No. 10-60352
Summary Calendar

JAIME VILLANUEVA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 467 661

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jaime Villanueva, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) adopting and affirming the decision of the immigration judge (IJ) denying Villanueva's application for withholding of removal. The BIA dismissed the appeal. Villanueva argues that the immigration court erred in finding that he had not suffered any past persecution, that he could relocate to avoid persecution, and that he was not credible.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To be eligible for withholding of removal, an applicant must establish that there is a clear probability that he will be persecuted for his race, religion, nationality, membership in a particular social group, or political opinion upon returning to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). We review the factual findings of the immigration court for substantial evidence, and we review legal questions de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Because the BIA adopted the IJ's findings, the IJ's findings are subject to our review. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). This court will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation and citation omitted).

The IJ's determination that Villanueva was not credible due to the inconsistencies between his application for withholding of removal and his testimony at the immigration hearing is supported by the totality of the circumstances. Villanueva's written application states that a "gang" or "paid assassins" hired by his uncle murdered his father and that it was the gang that had threatened Villanueva. However, at the hearing, Villanueva insisted that it was his uncles who had shot and killed his father and who had threatened Villanueva and his family. The IJ rejected Villanueva's contention that there is no inconsistency between these statements because his uncles paid assassins to be present in case they were unable to kill his father. Villanueva has not demonstrated that no reasonable factfinder could make such an adverse credibility determination. *See Wang*, 569 F.3d at 538.

Villanueva does not address the IJ's determination that there were inconsistencies between his written application and his testimony because his application mentioned only one uncle, but his testimony attributed the blame to four uncles, and his application indicated that his uncle felt no remorse for the killing, but his testimony indicated that the uncles had paid assassins to be

present in case they could not commit the killing themselves. He also has not addressed the fact that he did not provide any evidence to corroborate his claim. Because the IJ's adverse credibility determination regarding Villanueva's claim is supported by substantial evidence, Villanueva has not properly supported his application for withholding of removal. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005); *Roy*, 389 F.3d at 138. Accordingly, it is unnecessary to address his remaining claims.

PETITION DENIED.