# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2012

No. 11-60712
Summary Calendar

Lyle W. Cayce
Clerk

MEIDA CLARIBEL GUZMAN-AGUILERA,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 840 073

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Meida Claribel Guzman-Aguilera, a native and citizen of El Salvador, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of her application for withholding of removal. She contends that the IJ and BIA erred in denying her application for withholding of removal because she established past persecution on account of her membership in a particular social group and there is a clear probability of future persecution against her if she is returned to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

El Salvador. Although Guzman-Aguilera defined her proposed social group as "family members in fear of extortion by gangs," she asserts that she was targeted by the gangs because she had her child with her and, thus, a more nuanced and narrowly defined social group could be reasonably inferred from the evidence. According to Guzman-Aguilera, the IJ and BIA erred in failing to address this immutable and socially visible component of her social group.

The BIA was not afforded an opportunity to address Guzman-Aguilera's assertions that she was targeted by the gangs because she had her child with her and that a more narrowly defined social group could be reasonably inferred from the evidence. Therefore, she failed to exhaust her administrative remedies as to these issues, and we lack jurisdiction to consider them in the instant petition. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

We review the BIA's decision and will consider the IJ's underlying decision only if it influenced the determination of the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). The BIA's legal conclusions are reviewed de novo and its findings of fact are reviewed under the substantial evidence test. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The substantial evidence test requires that the decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). We will affirm the BIA's determination "unless the evidence compels a contrary conclusion." *Id.* The determination that an alien is not eligible for withholding of removal is a factual finding reviewed under the substantial evidence test. *Efe*, 293 F.3d at 906.

To qualify for withholding of removal, the alien "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

The BIA's determination that Guzman-Aguilera failed to establish her eligibility for withholding of removal is supported by substantial evidence. *See Efe*, 293 F.3d at 906. The BIA did not err in determining that the social group proposed by Guzman-Aguilera was not a particular social group for purposes of the Immigration and Nationality Act because it did not possess the requisite immutability, social visibility, or particularity. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Further, the BIA's determination that Guzman-Aguilera's fear was of a general state of lawlessness and violence is supported by substantial evidence. Her conclusional allegation that she established a nexus between her past persecution and a protected ground is insufficient to compel a contrary conclusion. *See Carbajal-Gonzalez*, 78 F.3d at 197. Accordingly, Guzman-Aguilera's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.