# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60841
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

FAKHAR ALI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 406 837

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fakhar Ali, a native and citizen of Pakistan, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's denial of his application for withholding of removal. Ali argues that the BIA erred in determining that he did not prove he is a member of a particular social group. Ali also challenges the BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that he does not have a well-founded fear of future persecution on account of a protected ground.

We review findings of fact for substantial evidence, *see Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009), and we may not reverse an immigration court's findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. In particular, we review for substantial evidence the conclusion that an alien is not eligible for withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). To obtain withholding of removal, an applicant must show a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (internal quotation marks and citation omitted). A particular social group is one that "can be accurately described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks and citation omitted). "[T]he BIA's interpretation of the term 'particular social group'" and its use of the particularity and social visibility test are entitled to deference. *Id.* at 520-21.

Ali has not shown that the BIA erred in determining that his proffered social group, "Sunni Muslims who are no longer devout," lacks the requisite particularity to be cognizable for purposes of withholding of removal. *See Orellana-Monson*, 685 F.3d at 518-21; *see also Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (providing that wealthy Salvadorans do not qualify as a protected social group). Additionally, Ali has failed to

No. 13-60841

establish that his proffered social group is visible in Pakistani society. *See Matter of A-E-M-*, 21 I. & N. Dec. 1157, 1160 (BIA 1998); *Matter of S-E-G-*, 24 I. & N. Dec. 579, 587 (BIA 2008). Ali's general fear of attack or harassment in Pakistan does not establish his membership in a particular social group. *See Orellana-Monson*, 685 F.3d at 521-22.

Ali has not argued that he has suffered past persecution from Sunni extremists. Accordingly, no threat of future persecution is presumed. *See Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007). Ali also admits that his moderate Muslim family members who live in Pakistan have not been persecuted by Sunni extremists. This weakens his claim of likely future persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) (*citing A-E-M-*, 21 I. & N. Dec. at 1160). Ali's claim of persecution rests solely on a generalized fear of persecution by Sunni extremists, and he makes no showing of any particular likelihood of persecution of him personally. Ali's evidence fails to establish a clear and objective probability of persecution. *See Eduard*, 379 F.3d at 190. Much less does it "compel" a decision in his favor.

The BIA's determination that Ali failed to establish his eligibility for withholding of removal is supported by substantial evidence. *See Zhang*, 432 F.3d at 344. Accordingly, his petition for review is DENIED.