# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

JOSE DOLORES HERNANDEZ-ARGUIJO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 229 511

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Dolores Hernandez-Arguijo, a citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA), dismissing his challenge of a decision of the Immigration Judge (IJ), who denied his application for withholding of removal. Hernandez' application was based on persecution on account of his religion and membership in a particular social group. Where, as here, the BIA's decision adopts or is affected by the IJ's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60343

reasoning, the decisions of the IJ and BIA are reviewed. *E.g., Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Whether an alien demonstrated eligibility for withholding of removal is a factual determination reviewed for substantial evidence.  *E.g., Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

To be entitled to withholding of removal, an applicant must establish a clear probability of persecution on account of one of five protected grounds, either by showing that persecution upon removal is more likely than not to occur or by establishing past persecution, thereby creating a presumption that future persecution is more likely than not to occur.  *See* 8 U.S.C. § 1231(b)(3)(A).  Persecution generally requires a showing that "harm or suffering will be inflicted upon" the applicant.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (citation and quotation marks omitted).

Aside from receiving three threats over a three-year period, Hernandez does not allege he suffered physical harm or that harm is more likely than not to occur upon his return.  While threats of violence, along with evidence of intent to carry out the threats, may be sufficient to constitute persecution, *e.g., Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348-49 & n.8 (5th Cir. 2006), Hernandez continued working as a youth coordinator without incident for more than three years, his wife and children continue living in Honduras without incident, and there is no indication the threats will be, or are intended to be, carried out. Because a reasonable factfinder would not be compelled to find that Hernandez would more likely than not face persecution upon removal, the BIA's decision that he is not entitled to withholding of removal is supported by substantial evidence.

DENIED.