# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2021

Lyle W. Cayce
Clerk

No. 19-60458
Summary Calendar

JOSE A. HERNANDEZ VIERA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 215 587 017

---

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Jose A. Hernandez Viera, a native and citizen of Cuba, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) order denying:  asylum; withholding of removal; and relief under the Convention Against Torture

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

(CAT).  Hernandez contends:  the IJ's credibility finding was so vague that the BIA could not properly review it;  the BIA erred by determining he waived his CAT claim by failing to properly raise it; the IJ's denying him a continuance once he obtained counsel violated his statutory and constitutional rights to counsel; and the BIA erred by affirming the IJ's finding that he is not eligible for asylum or withholding of removal.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).  Under the substantial-evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it".  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

First addressed is the IJ's credibility finding.  The IJ stated that, "from the limited testimony given, the [c]ourt . . . cannot find that [Hernandez] is not a credible witness".  Hernandez contends this "double-negative" prevented the BIA's properly reviewing the IJ's decision.  The IJ found Hernandez was credible, but did not meet his burden of proof.  The BIA echoed this, stating:  "The [IJ] found [Hernandez] credible. . . . We agree with the [IJ] that [Hernandez] has not shown that the past mistreatment he suffered, although condemnable, rises to the level of persecution".  Considering the IJ's statements in context, the BIA's conclusions are based on the evidence presented and substantially reasonable.  *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

Regarding waiver of Hernandez' CAT claim for failure to properly raise it in the BIA, failure to exhaust an issue creates a jurisdictional bar.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen."  *Omari v.*

*Holder*, 562 F.3d 314, 318 (5th Cir. 2009).  The BIA concluded properly that Hernandez had "not meaningfully challenged the [IJ's] denial of protection under the [CAT]", resulting in the "issue['s] [being] waived".  For that reason, and because Hernandez did not subsequently contest this conclusion with the BIA, our court lacks jurisdiction to address it.  *See id.* at 319.

Next addressed are Hernandez' right-to-counsel claims.  There is no Sixth Amendment right to counsel in removal proceedings.  *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).  However, 8 U.S.C. § 1229a(b)(4)(A) states, "the alien shall have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings".  "[T]he absence of an attorney may create a due process violation if the defect impinged upon the fundamental fairness of the hearing in violation of the fifth amendment and there was substantial prejudice".  *Ogbemudia*, 988 F.2d at 598 (internal quotation marks and citations omitted).  At the time of the merits hearing, no attorney was enrolled for Hernandez, and no filings from an attorney had been rejected.  Hernandez has not established that it was "fundamentally unfair" or that he was substantially prejudiced by not being represented by an attorney who was not enrolled.  *See id.*

Finally, Hernandez asserts he made an "extensive showing" of his being eligible for asylum and withholding of removal.  To be eligible for asylum, an applicant must show he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion".  8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1).  The BIA's conclusion that Hernandez did not prove past persecution or a well-founded fear of future persecution was substantially reasonable based on the evidence presented, and the record does not compel a contrary conclusion.  *See Sharma,* 729 F.3d. at 411.

No. 19-60458

To establish a claim for withholding of removal, an applicant must show "it is more likely than not" that his life or freedom would be threatened by persecution on account of one of the above five protected categories. 8 C.F.R. § 208.16(b)(1), *see also Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Because the standard for withholding of removal is more stringent than that for asylum, an applicant who fails to meet the standard for asylum cannot meet the standard for withholding of removal. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

DISMISSED in part; DENIED in part.