# United States Court of Appeals for the Fifth Circuit

No. 20-60394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2021

Lyle W. Cayce
Clerk

Jorge Luis Colindres-Zelaya,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205-199-807

Before Jones, Smith, and Barksdale, *Circuit Judges*.

Per Curiam:*

Jorge Luis Colindres-Zelaya, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an Immigration Judge's (IJ) denial of withholding of removal and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60394

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Whether an applicant is eligible for withholding of removal or relief under CAT is a factual finding which, as noted above, is reviewed for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted). Under the substantial evidence standard, petitioner must show "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Orellana-Monson*, 685 F.3d at 518 (citation omitted); 8 U.S.C. § 1252(b)(4)(B).

"To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution upon return" on account of a statutorily protected ground, such as his membership in a particular social group (PSG). *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). Colindres asserts there is substantial evidence that, if removed, he would suffer persecution on account of his membership in a PSG of "former government employee[s]". Our court has declined to recognize as cognizable PSGs that are "exceedingly broad and encompass[] a diverse cross section of society". *Orellana-Monson*, 685 F.3d at 521. Colindres fails to show his proposed PSG is more than a "catch all" of persons fearing persecution. *See id.* at 518–19.

Regarding CAT relief, Colindres fails to "establish that it is more likely than not he . . . would be tortured" with the acquiescence of a governmental official if removed to Honduras. *See* 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1). His claim he will be tortured based on generalized social conditions in Honduras is too speculative to support such relief. *See Ramirez-Mejia*, 794 F.3d 485, 493–94 (5th Cir. 2015).

DENIED.

2