# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2021

Lyle W. Cayce
Clerk

No. 20-60431
Summary Calendar

Patrice Musoko Tshidibi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 698 359

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Patrice Musoko Tshidibi is a native and citizen of the Democratic Republic of Congo. He seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60431

Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

This court reviews the final decision of the BIA and will review the IJ's ruling only insofar as it affected the BIA's decision. *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Legal conclusions are reviewed de novo, and factual findings are reviewed for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial evidence standard, this court may not reverse an immigration court's factual findings unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009); *see also Garland v. Dai*, No. 19–1155, 2021 WL 2194837, at *9 (U.S. June 1, 2021) (reaffirming the same standard)

An alien must exhaust all administrative remedies available to him as of right before this court may review a final order. 8 U.S.C. § 1252(a)(1), (d)(1); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). When "the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Id.* at 320–21; *see also Dale v. Holder*, 610 F.3d 294, 298–99 (5th Cir. 2010).

Musoko Tshidibi's assertions that the BIA failed to fully consider his appellate arguments, that the BIA failed to fully and fairly consider his appeal as required by due process and Fifth Circuit precedent, and that the BIA failed to apply any standard of review are all issues that arise out of the BIA's decision and that should have been addressed in a motion for reconsideration. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020). Accordingly,

this court lacks jurisdiction, and the claims are dismissed. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Musoko Tshidibi also argues that the BIA and IJ should have given the evidence he presented more weight when making its credibility determination. Credibility determinations "are factual findings that are reviewed for substantial evidence." *Avelar-Oliva*, 954 F.3d at 763. The IJ and BIA "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Further, this court has held that "[r]egardless of whether an alien's testimony is otherwise credible, the IJ may require the submission of reasonably available evidence corroborating a claim for relief from removal." *Avelar-Oliva*, 954 F.3d at 764; *see* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 208.16(b). Crucially, the failure to present such evidence can be fatal to an alien's application for relief. *Rui Yang v. Holder*, 664 F.3d 580, 585–87 (5th Cir. 2011). Musoko Tshidibi failed to submit reasonably available evidence to corroborate his claim for relief. Substantial evidence, therefore, does not compel reversal of the determination that he was not entitled to asylum or withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *see also Avelar-Oliva*, 954 F.3d at 763.

Finally, Musoko Tshidibi argues that the IJ and BIA failed to consider the full record in analyzing his claim under the CAT and further that they improperly relied on the denial of the asylum claim to deny CAT relief. In affirming the IJ's decision, the BIA held that the IJ "properly considered the record as a whole" when it found that Musoko Tshidibi "did not meet his burden to show that it is more likely than not he will be tortured by or at the instigation of, or with the consent or acquiescence of . . . a public official or

other person acting in an official capacity in the Democratic Republic of the Congo." Nothing in the record suggests otherwise. Moreover, substantial evidence supports the IJ's and BIA's conclusion that Musoko Tshidibi is not eligible for protection under the CAT. *See Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018); *Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012).

The petition for review is DISMISSED in part and DENIED in part.