# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2022

Lyle W. Cayce
Clerk

No. 20-61228
Summary Calendar

KEVINE STELLA NGOUNOU DJOUMAHA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 475 813

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Kevine Stella Ngounou Djoumaha, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61228

(CAT).  We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

First, Djoumaha's argument that the BIA erred by not independently reviewing the immigration judge's factual findings is unavailing because the BIA need only address the issues raised before it.  *Osuchukwu v. I.N.S.*, 744 F.2d 1136, 1142–43 (5th Cir. 1984).  Her challenge to the BIA's adverse credibility finding also lacks merit because the challenged decision is "supported by specific and cogent reasons derived from the record," *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consideration of the record as a whole fails to demonstrate that "no reasonable fact-finder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted).  Because the adverse credibility finding was a sufficient basis for the denial of her requests for asylum and withholding of removal, we need not consider her remaining arguments concerning the denial of these forms of relief.  *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Insofar as Djoumaha contends that she was eligible for CAT relief because her Anglophone status makes it more likely than not that she will be tortured if repatriated, we will not consider this claim because she did not raise her Anglophone status before the BIA, thus depriving us of jurisdiction over it.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  Her other arguments on this claim do not meet the substantial evidence standard.  *See Zhang*, 432 F.3d at 344.  Finally, we will not consider her arguments concerning a continuance and a waiver of counsel because these arguments

No. 20-61228

were not raised before the BIA, thus depriving us of jurisdiction over them. *See Roy*, 389 F.3d at 137.

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.