# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 20-60505
Summary Calendar

———

Eddy Ruano Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 778 258

———

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Eddy Ruano Martinez, a native and citizen of Cuba, has filed a petition for review of the Board of Immigration Appeals' (BIA) order summarily dismissing his appeal as barred by his waiver of appeal before the Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60505

Judge. He contends that the BIA erred in dismissing his appeal because his waiver was not made knowingly and intelligently.

The BIA is authorized to dismiss an appeal summarily where "[t]he appeal is . . . barred by an affirmative waiver of the right of appeal that is clear on the record." 8 C.F.R. § 1003.1(d)(2)(i)(G). The record does not compel a conclusion contrary to the BIA's finding that Ruano Martinez waived his right to appeal and did not challenge the waiver in his notice of appeal. *See Kohwarien v. Holder*, 635 F.3d 174, 178 (5th Cir. 2011). Further, because Ruano Martinez did not challenge the validity of his appeal waiver before the BIA in either his notice of appeal or in a motion for reconsideration, he failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Accordingly, we lack jurisdiction to consider Ruano Martinez's argument that the appeal waiver was not made knowingly and intelligently. *See Roy*, 389 F.3d at 137.

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.