# United States Court of Appeals
# for the Fifth Circuit

———————

No. 20-61122
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2022

Lyle W. Cayce
Clerk

Pascal Oyemuia Ehimare,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 058 935 219

———————

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Pascal Oyemuia Ehimare, a native and citizen of Nigeria, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his request for deferral of removal under the United Nations Convention Against Torture (CAT).

———————

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61122

To obtain CAT relief, Ehimare must show that if removed to Nigeria, it is more likely than not that he will be tortured by, or with the acquiescence of, government officials acting under color of law.  *See* 8 C.F.R § 208.16(c)(2); *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006).  With respect, at least, to the BIA's determination that he had not shown the requisite government involvement or acquiescence, Ehimare fails to show that "the evidence not only *supports* [a contrary] conclusion, but *compels* it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).  The BIA found that that Ehimare had not testified that he ever suffered any physical harm or injury by Nigerian public officials and that the documentary evidence he offered was insufficient to show that it was more likely than not that a public official or other person acting with the acquiescence of one acting under color of law would torture him.  Accordingly, we conclude that the BIA's denial of CAT relief was supported by substantial evidence.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Because our resolution of this issue does not turn on Ehimare's credibility, we do not reach his challenge to the immigration judge's adverse credibility finding.  Furthermore, the record does not support Ehimare's argument that the IJ and BIA failed to review his CAT claim independent of the adverse credibility finding.

As to his due process argument purporting various errors relating to the immigration judge's adverse-credibility determination, Ehimare raises this argument for the first time in his petition for review.  Although he couches this claim of error in terms of a due process violation, it was a procedural error correctable by the BIA that is subject to the exhaustion requirement.  *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  Because Ehimare did not present this claim to the BIA, we lack jurisdiction to review it.  *See Roy*, 389 F.3d at 137; *see also Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

No. 20-61122

Ehimare's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.