# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2012

No. 11-60562
Summary Calendar

Lyle W. Cayce
Clerk

WILMER AQUIMIR-MALDONADO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 054 647

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wilmer Aquimir-Maldonado petitions for review of an order of the Board
of Immigration Appeals (BIA) dismissing his appeal from an order of the
immigration judge (IJ) denying his application for withholding of removal under
the Immigration and Nationality Act (INA).  He contends that he has established
a clear probability of persecution on account of his membership in a particular
social group, specifically, his family.  Aquimir-Maldonado relies on evidence that
his cousin, Alfonso Arias, killed Aquimir-Maldonado's father, who was a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

successful rancher, and that Arias has also made threats against Aquimir-Maldonado's mother.

To qualify for withholding of removal under the INA, an alien "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A 'clear probability' means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* The alien must prove some nexus between the persecution and one of the five enumerated statutory grounds. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 345 (5th Cir. 2006).

We will uphold the BIA's factual findings if the findings are supported by substantial evidence. *Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We review the BIA's resolution of questions of law de novo, giving "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (internal quotation marks and citation omitted).

Where the BIA's decision depends on the factual findings of the IJ, we will review the IJ's findings to the extent that they influenced or were relied on by the BIA. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). The question whether an alien has demonstrated the requisite nexus between persecution and one of the enumerated grounds is an issue of fact reviewed for substantial evidence. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350–51 (5th Cir. 2002).

Substantial evidence supports the BIA's determination that Arias acted out of jealousy over the success and wealth of Aquimir-Maldonado's father, or because he wanted to obtain that wealth. Indeed, Aquimir-Maldonado testified before the IJ that Arias had killed his father out of a desire to obtain his things

and that Arias wanted to kill his mother in order to obtain her things. Such motivations, which involve purely personal matters, rather than persecution on account of one of the statutorily enumerated grounds, are insufficient to support a claim for relief. *See Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004).

PETITION FOR REVIEW DENIED.