# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2012

Lyle W. Cayce
Clerk

No. 11-60798
Summary Calendar

JORGE PONCE,

> Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A086 970 453

Before DeMOSS, PRADO, and OWENS, Circuit Judges.

PER CURIAM:[*]

Jorge Ponce, a native and citizen of Mexico, has filed a petition for review of a Board of Immigration Appeals (BIA) order dismissing his appeal of the denial of his application of adjustment of status, pursuant to Immigration and Nationality Act (INA), INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I), and the denial of his application for cancellation of removal for certain non-permanent residents, pursuant to INA § 240A(b), 8 U.S.C. § 1229b(b). Ponce argues that he is eligible for adjustment of status despite the permanent bar to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissibility of § 1182(a)(9)(C)(i)(I) because 10 years have elapsed since his prior departure from the U.S., and he therefore qualifies for an exception pursuant to § 1182(a)(9)(C)(ii).  He also argues that this court should remand this case to the BIA, because he is now eligible for a grant of nunc pro tunc permission to reapply for admission because 10 years have now elapsed from his prior departure.  Finally, Ponce argues that *Mortera-Cruz v. Gonzalez*, 409 F.3d 246 (5th Cir. 2005), was wrongly decided.

Ponce did not argue to the BIA, as he does before this court, that the accrual of 10 years since his last departure from the U.S. made him eligible for an exception to the bar of inadmissibility.  He also did not argue to the BIA, as he does before this court, that the accrual of 10 years makes him eligible for a grant of nunc pro tunc permission to reapply for admission.  As Ponce did not make these arguments in his direct appeal to the BIA, in a motion to reopen, or in a motion for reconsideration, he has failed to exhaust these issues, and this court lacks jurisdiction to consider them.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Ponce seeks to preserve appellate review of whether *Mortera-Cruz* was wrongly decided.  Ponce challenged the holding in *Mortera-Cruz* in his appeal to the BIA and therefore he exhausted this issue.  Because the Supreme Court has issued no intervening precedent, and this court has not reconsidered the issue en banc, *Mortera-Cruz* remains the law of this circuit.  *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

PETITION DENIED.