# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2013

No. 13-60101
Summary Calendar

Lyle W. Cayce
Clerk

WILVER ANTONIO PARADA CASTILLO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 936 810

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wilver Antonio Parada Castillo, a native and citizen of El Salvador, petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his application for withholding of removal. The respondent moves for summary disposition and denial of Castillo's petition. Castillo opposes the motion.

The BIA and the immigration judge determined that Castillo was ineligible for withholding of removal because he failed to show that he had been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecuted based upon a protected ground. Specifically, Castillo claimed to be part of a particular social group consisting of people who work in El Salvador, are harassed by gang members, and are not protected by the police. The BIA decided that Castillo's claimed social group did not meet the particularity and social visibility test used to define a "particular social group" for purposes of immigration relief.

We review findings of fact for substantial evidence, *see Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); and we may not reverse an immigration court's findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. In particular, we review for substantial evidence the conclusion that an alien is not eligible for withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

To obtain withholding of removal, an applicant must show a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (internal quotation marks and citation omitted). A particular social group is one that "can be accurately described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks and citation omitted). "[T]he BIA's interpretation of the term 'particular social group'" and its use of the particularity and social visibility test is entitled to deference. *Id.* at 520-21.

Neither the record nor Castillo's arguments in his response to the motion for summary disposition indicate that there is any basis for him to show that substantial evidence does not support the BIA's determination that his proposed

social group failed to meet the BIA's particularity and social visibility test. *See id.* at 519-22.

IT IS ORDERED that the respondent's motion for summary disposition is GRANTED and Castillo's petition for review is DENIED. *See Castillo-Enriquez v. Holder,* 690 F.3d 667, 668-69 (5th Cir. 2012).