# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2015

Lyle W. Cayce
Clerk

No. 14-60429
Summary Calendar

KARINA ESQUIVAL VILLAMIL, also known as Karina Villamil, also known as Karina Esquival-Villamil,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 721 303

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Karina Esquival Villamil, a native and citizen of Costa Rica, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's denial of her application for withholding of removal. Villamil had sought withholding based on her membership in a particular social group, namely women who have left their

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

country due to domestic abuse and fear returning because of the abuser.  In this court, she contends that the BIA erred in dismissing her appeal because the harm she suffered during her relationship with an ex-boyfriend constituted persecution; she belongs to a valid social group; domestic violence is a serious and growing societal problem in Costa Rica; and she established a clear probability of future persecution.  Additionally, she contends that, contrary to the BIA's decision, the danger of future harm has not been eliminated simply because she previously has managed to avoid her ex-boyfriend in Costa Rica after their relationship ended.

We review the factual determination that an alien is not eligible for withholding of removal under the substantial evidence standard.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under that standard, we may not reverse an immigration court's factual findings unless "the evidence [is] so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Villamil has not demonstrated the required "clear probability of persecution upon return" to be eligible for withholding of removal.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted).  Like the BIA, we assume without deciding that Villamil suffered past persecution on account of her membership in a valid "particular social group."  *Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007) (internal quotation marks and citation omitted).  This assumption carries a rebuttable presumption that Villamil's life or freedom would be threatened upon her return to Costa Rica.  *See id.* (citing 8 C.F.R. § 208.16(b)(1)(i)).  However, Villamil has not shown that the evidence compels reversal of the BIA's finding that any presumption of future persecution was rebutted.  *See id.* at 596–97.

The record indicates that Villamil terminated her teenage relationship with an abusive ex-boyfriend over a decade ago.  She lived in Costa Rica

without incident for several months after ending the relationship, and successfully avoided him when she returned to Costa Rica from the United States for several months in 2005. Because Villamil avoided the threat posed by her ex-boyfriend without relocating to another part of Costa Rica, substantial evidence supports the BIA's finding. *See Roy*, 389 F.3d at 139; *Zhu*, 493 F.3d at 596–97; 8 C.F.R. § 208.16(b)(1)(i). Villamil's assertion that her ability to avoid her ex-boyfriend has not eliminated the danger of future harm does not meet the requisite determination that "it is more likely than not" that her life or freedom would be threatened by persecution if she is not granted withholding of removal. *See Roy*, 389 F.3d at 138.

In light of the foregoing, the petition for review is DENIED.