# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2017

Lyle W. Cayce
Clerk

MOUNIR BOUKERROUCHA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 683 347

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Petitioner Mounir Boukerroucha, a native and citizen of Algeria, seeks review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) order of removal and decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Boukerroucha's request for relief was based on his claim that he would be persecuted if he returned to Algeria because he evaded Algeria's military conscription laws.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60562

In his petition for review, Boukerroucha challenges only the denial of his withholding of removal claim. He contends that the IJ erred by refusing to admit specific evidence and by determining that he is no longer subject to military conscription in Algeria and would be eligible for regularization. He also urges that the decision to deny withholding of removal is not supported by substantial evidence.

With respect to his challenge to the IJ's evidentiary rulings, Boukerroucha did not raise this issue before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Because the issue was not exhausted, we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Boukerroucha's second contention—that the IJ erred by determining that he was no longer subject to military conscription in Algeria and would be eligible for regularization—goes to the issue of whether the record compels the conclusion that Boukerroucha is entitled to withholding of removal based on his violation of Algeria's conscription laws. Relying on *Milat v. Holder*, 755 F.3d 354, 361 (5th Cir. 2014), the BIA agreed with the IJ that Boukerroucha did not demonstrate that if he returned to Algeria the penalty imposed "would be disproportionately severe on account of a protected ground" or that he "would be required to engage in inhumane conduct as part of military service."

The evidence presented does not compel a contrary conclusion. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). The petition for review is DISMISSED in part and DENIED in part.