# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-60232
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

ARISTEO PALMA MELCHOR, also known as Aristeo Palma,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 782 721

———————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Aristeo Palma Melchor (Palma), a native and citizen of Mexico, petitions this court for review of a decision from the Board of Immigration Appeals (BIA), wherein the BIA dismissed Palma's appeal from the Immigration Judge's denial of his application for a waiver of removability.  The Respondent moves for summary denial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60232

Palma argues in his petition for review that the BIA erroneously held that he did not raise a meaningful challenge to the immigration judge's decision, incorrectly construed the arguments raised in his appellate brief, incorrectly determined that the immigration judge had found him statutorily eligible for a waiver, and committed legal error. As a result, Palma argues that the BIA failed to examine whether the immigration judge had erred in finding that he engaged in a polygamous relationship and in weighing the discretionary factors he presented in favor of waiver of removability. In light of the BIA's failure to conduct a full appellate review, Palma argues that his due process rights were violated.

We lack jurisdiction to consider Palma's claims of error in the BIA's decisionmaking because he did not raise them first in a motion for reconsideration before the BIA. *See Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009). Although Palma alleges a due process violation, he cannot escape the exhaustion requirement when there was an adequate mechanism for the BIA to address and remedy the purported errors. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Accordingly, Palma's petition for review is DISMISSED. The Respondent's motion is DENIED AS MOOT.