# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2018

Lyle W. Cayce
Clerk

No. 17-60275
Summary Calendar

GLORY GITUMA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 680 700

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Glory Gituma, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals's (BIA's) dismissal of her appeal of the immigration judge's decision denying her application for withholding of removal and for relief under the Convention Against Torture (CAT). We review the BIA's determination that an alien is not eligible for withholding of removal or relief under the CAT under the substantial evidence standard, *Chen*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), and will reverse only if the record compels a different conclusion, *Zhu v. Gonzales*, 493 F.3d 593, 594 (5th Cir. 2007).

To qualify for withholding of removal, an alien "must demonstrate a 'clear probability' of persecution upon return" to her native country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either [her] race, religion, nationality, membership in a particular social group, or political opinion." *Id.* "[R]elief under the [CAT] requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to [her] homeland; and second, is there sufficient state action involved in that torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006) (footnote omitted).

We conclude that substantial evidence supports the BIA's determination that Gituma did not establish her entitlement to either withholding of removal or relief under the CAT. *See Chen*, 470 F.3d at 1134. The evidence does not compel the conclusion that it is more likely than not that she will be persecuted on account of her membership in a particular social group upon her return to Kenya. *See Zhu*, 493 F.3d at 594. The evidence also does not compel the conclusion that Gituma would be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity upon her return to Kenya. *See id.* The petition for review is therefore DENIED.