# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2018

Lyle W. Cayce
Clerk

No. 17-60385
Summary Calendar

MOHSIN PYARALI MAREDIA, also known as Mohsin Pyarali,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 941 749

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mohsin Pyarali Maredia petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and Convention Against Torture (CAT) relief. As the BIA relied in substantial part on the IJ's order, we may consider the reasoning of both the BIA and the IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60385

We lack jurisdiction to consider whether the BIA erred as a matter of fact in determining that Maredia's application for asylum is time barred. *See Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007); *see* 8 U.S.C. § 1158(a)(2)(B) and (3). We also lack jurisdiction to consider Maredia's legal arguments challenging the time-bar dismissal, including his due process argument, because he did not exhaust them before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1). Maredia's conclusory arguments are insufficient to show that the BIA's denials of withholding of removal and CAT relief are not supported by substantial evidence. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006).

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.