# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2019

No. 18-60540
Summary Calendar

Lyle W. Cayce
Clerk

ESTHER ELIZABETH ZARAT-UMANZOR; DANNY JOSIAH ZUNIGA-ZARAT; OSCAR JOSIAH ZARAT-UMANZOR; DIDIER JOSIAH ARRIAZA-ZARAT,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 913 684
BIA No. A202 094 967
BIA No. A202 095 036
BIA No. A202 095 041

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Esther Elizabeth Zarat-Umanzor, a native and citizen of Guatemala, applied for asylum and withholding of removal, designating her three sons, Danny Josiah Zuniga-Zarat, Oscar Josiah Zarat-Umanzor, and Didier Josiah

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60540

Arriaza-Zarat, as derivative beneficiaries.  In her application, Zarat-Umanzor sought relief based on her membership in a particular social group, namely Guatemalan women who are unable to protect themselves and their children from violence.  Her claim stemmed from the murder of her long-time partner, who was the father of two of her children.  Zarat-Umanzor witnessed the murder, and one of her sons was shot during the same incident.

In this court, Zarat-Umanzor petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her application.  To support her asylum claim, Zarat-Umanzor was required to show that she was persecuted or had a well-founded fear of persecution in Guatemala and that a central reason for the persecution was her membership in the proposed particular social group.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

As a threshold matter, it is factually incorrect for Zarat-Umanzor to argue, as she does here, that the IJ found no past persecution.  The IJ, in fact, found that the murder of Zarat-Umanzor's partner and the shooting of her son rose to the level of persecution.

We have rejected social groups that are similarly amorphous to the group proposed by Zarat-Umanzor and perceive no error in the determination that her group is not cognizable.  *See id.* at 521-22.  By failing to establish membership in a cognizable particular social group, Zarat-Umanzor necessarily failed to establish a nexus between membership in such a group and any persecution.  *See id.* at 522.  Furthermore, even if Zarat-Umanzor had established a cognizable particular social group, the record does not compel a conclusion that Zarat-Umanzor's membership in her proposed group was or will be a central reason for any persecution.  *See id.* at 518.  Zarat-Umanzor's

2

ineligibility for asylum is dispositive of her claim for withholding of removal. *See id.* at 522.

Next, Zarat-Umanzor argues that the IJ violated her due process rights by failing to consider testimony from one of her sons. Although Zarat-Umanzor's claim of error is couched in terms of a due process violation, it was a procedural error correctable by the BIA that is subject to the exhaustion requirement. *See Roy v. Ashcroft*, 389 F.3d 132, 136-37 (5th Cir. 2004). Because Zarat-Umanzor did not present this claim to the BIA, we cannot review it. *See id.* at 137. We likewise lack jurisdiction to consider Zarat-Umanzor's claim that the IJ violated her due process rights by failing to consider whether she was entitled to relief under the Convention Against Torture (CAT). *See id.* at 136-37.

Finally, to the extent that Zarat-Umanzor challenges the BIA's denial of relief under the CAT, her claim is unavailing. The BIA noted the absence of testimony from Zarat-Umanzor demonstrating that she had sought assistance from the Guatemalan government or that government officials would have been aware of threats made against her. Zarat-Umanzor does not dispute these determinations. Furthermore, aside from a narrow exception inapplicable here, the BIA cannot engage in its own factfinding in deciding an appeal, and there is no indication that Zarat-Umanzor moved for remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409-10 (5th Cir. 2010). In light of this, the evidence does not compel a conclusion contrary to the BIA's denial of CAT relief. *See Orellana-Monson*, 685 F.3d at 518.

Accordingly, the petition for review is DENIED, in part, and DISMISSED, in part, for lack of jurisdiction.