# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60745
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

ANUJAN THIRULOGACHANDRAN,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 208 780

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Anujan Thirulogachandran, a native and citizen of Sri Lanka and an ethnic Tamil, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's (IJ) decision denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He claims: the IJ erred by failing to consider his asylum claim under the "pattern or practice" regulations, 8 C.F.R. § 208.13(b)(2)(iii) (2019) (applicant not required to provide evidence of

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

reasonable probability of his being singled out for persecution if applicant establishes both pattern or practice of persecution of group based on specified traits and his inclusion and identification with that group); substantial evidence does not support the IJ's adverse credibility determination; and the BIA legally and factually erred in denying relief under the CAT.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA's decision), our court reviews legal conclusions *de novo*; factual findings, for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted). On substantial-evidence review, a factual finding will not be disturbed unless petitioner demonstrates "that the evidence is so compelling that no reasonable fact-finder could reach a contrary conclusion". *Id.* at 518 (citation omitted).

Although Thirulogachandran claims the IJ erred by failing, *sua sponte*, to consider a pattern-or-practice claim, our review is constrained to the BIA's decision because it rejected this claim without being influenced by any IJ findings. *See id.* at 517 (citation omitted). With respect to that decision, he claims only that the BIA's rejection was impermissible fact-finding.

Our court, however, lacks jurisdiction to consider this claim. For our court to have jurisdiction, petitioner must first exhaust his administrative remedies with respect to a claim or issue. 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (citations omitted). Because Thirulogachandran could have administratively exhausted his claim of impermissible BIA fact-finding by filing a motion to reconsider with the BIA, his failure to do so deprives our court of jurisdiction to review the issue. *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009).

Regarding Thirulogachandran's claim that substantial evidence does not support the adverse credibility determination on which asylum and withholding of removal were denied, the fact-finder may rely on "any

inconsistency or omission", supported by the "totality of the circumstances", in so determining. *See Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (citation omitted). His testimony contradicted the police report and supporting letter he provided. Although he claims translation errors and his lack of understanding of the questions asked him explain these inconsistencies, he has offered no evidence "so compelling that no reasonable fact-finder could have made an adverse credibility ruling". *See id.* at 226.

Regarding his CAT claims based on his being a Tamil, Thirulogachandran's failure to raise, in a motion to reconsider, his claim that the BIA engaged in impermissible fact-finding regarding mental torture similarly bars appellate jurisdiction. *Omari*, 562 F.3d at 320–21. He next disagrees with the BIA's factual determinations (concerning his ability to relocate within Sri Lanka and improvements in relations between the Sri Lankan government and Tamil citizens) but fails to show any evidence "compelling" reversal. *See Orellana-Monson*, 685 F.3d at 518 (citation omitted). He also claims the BIA legally erred by failing to apply the factors relevant to an asylum internal-relocation analysis, *see Matter of M-Z-M-R*, 26 I & N. Dec. 28 (BIA 2012), but he fails to explain how the factors show he could not have relocated, *see* 8 C.F.R. § 1208.16(c)(3)(ii) (2019) (requiring consideration of evidence applicant could have relocated within country of removal). In any event, the BIA considered his siblings' having avoided harm by relocating within the same town as evidence he could similarly relocate and had, accordingly, not carried his burden to show "it is more likely than not that he . . . would be tortured . . .". *Id.* § 1208.16(c)(2).

DISMISSED IN PART; DENIED IN PART.