# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 19-60634
Summary Calendar

Viviane Silva-Dos Santos,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 797 944

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Viviane Silva-Dos Santos, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) denial of her second motion to reopen. She argues that the BIA legally erred by: (1) erroneously interpreting

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the requirements for the time and numerical exceptions to motions to reopen based on changed country conditions; (2) conflating the de novo and clear error standards of review; (3) mischaracterizing the IJ's decision and affirming findings that the IJ did not make; and (4) relying on an arbitrary standard of "prima facie eligibility for relief."

We lack jurisdiction to consider an issue when a petitioner has failed to exhaust administrative remedies by raising the issue in the first instance before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Silva-Dos Santos's arguments contest the BIA's "act of decisionmaking," but she did not file a motion for reconsideration of the BIA's decision. *Id.* at 320. She therefore failed to exhaust her issues, and we lack jurisdiction to consider the petition for review. *See* § 1252(d)(1); *Omari*, 562 F.3d at 320-21.

Silva-Dos Santos's petition for review is DISMISSED for lack of jurisdiction.