# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 19-60369
Summary Calendar

Miguel Angel Gaitan-Burgos,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 892 942

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Miguel Angel Gaitan-Burgos, a native and citizen of Nicaragua and proceeding *pro se*, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). His claims fail.

We review the BIA's final decision, but only review the IJ's ruling insofar as it affected the BIA's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA's legal conclusions are reviewed *de novo*; its findings of fact, under the "substantial evidence standard". *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Under this standard, we affirm unless the evidence is so compelling that no reasonable finder of fact could conclude against it. *Id.* at 518.

As an initial matter, Gaitan asserts the BIA should have remanded his case to the IJ to explain why his case proceeded without the introduction of his credible-fear interview report; he claims that, without this report, he did not receive a full and fair hearing because all available evidence was not examined. Because Gaitan did not raise this issue before the BIA, he has failed to exhaust it; and we, therefore, lack jurisdiction to consider it. *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Gaitan also asserts the BIA erred by applying a higher standard to his claims than this court requires, maintaining: the BIA failed to consider that persecution may take forms other than physical harm; and the cumulative effect of multiple threats or attacks may form the basis of a claim of persecution. Gaitan makes valid legal claims about what constitutes persecution as a basis for asylum; but, he did not allege any non-physical form of persecution, and, as discussed *infra*, the cumulative effect of the incidents alleged by Gaitan does not constitute the required persecution.

For past persecution, Gaitan's asylum claim bases the requisite persecution on two incidents. The first was in 2012, when: a leader of the ruling Sandinista party appeared at his home; the leader threatened him and

his family with death; and a group of people appeared later the same day with sticks and metal batons. The other was in 2018, when: a paramilitary group spent several days near his home and asked people where he could be found, although the group never approached his home. Gaitan testified: he and his family were never physically harmed in either incident; and, after he learned the paramilitary group was asking about him, he was able to flee to Honduras. The record does not compel a conclusion that either incident rose to the level of persecution. *See Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019) (holding that, for the purposes of asylum, "threats that are exaggerated, non-specific, or lacking in immediacy should not suffice") (citation and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 907 (2020); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding "mere denigration, harassments, and threats" do not ordinarily amount to persecution).

Gaitan also claims fear of future persecution in Nicaragua. To establish a well-founded fear of future persecution, the applicant must subjectively fear persecution and that subjective fear must be objectively reasonable. *Eduard*, 379 F.3d at 189. Gaitan has not shown that the record compels a conclusion that a reasonable person in the same circumstances would fear persecution. *See Orellana-Monson*, 685 F.3d at 518 ("The alien must present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution.") (citation and quotation marks omitted). As discussed above, although he testified that he received a death threat in 2012, he also testified no physical harm ever came to him or his family and that no other threats or persecution occurred between the two above-discussed incidents in 2012 and 2018. In addition, as also discussed above, although Gaitan testified that in 2018 a paramilitary group had waited near his home and asked other residents where he was, he did not testify that this group ever came to his home or made any direct move to threaten or detain him.

Next, Gaitan claims the BIA erred by declining to consider, or by not remanding for the IJ to consider, the new evidence he submitted, including evidence that five other men who had been deported to Nicaragua had disappeared upon arrival. He asserts that this evidence was relevant to his claims for withholding of removal and CAT relief and that the BIA's disregard of this evidence violated his right to due process and his "right to be heard". The record shows, however, that Gaitan simply attached this new evidence to his brief to the BIA; he did not address it in his brief or move to remand or reopen to allow the IJ to consider it. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the [BIA] cannot properly resolve an appeal without further factfinding must file a motion for remand."). Therefore, the BIA did not err by declining to consider this evidence. In addition, because Gaitan did not move to remand to the IJ or seek to reopen his case to allow consideration of this new evidence, he has failed to exhaust this issue, and we lack jurisdiction to consider it. *See Vazquez*, 885 F.3d at 868.

Finally, the BIA concluded that, because Gaitan failed to establish his eligibility for asylum, he could not meet the higher burden of proof for withholding of removal. The BIA also affirmed the IJ's finding that Gaitan had not shown his eligibility for relief under the CAT. At noted, Gaitan claims the BIA should have considered the above-described new evidence because it was relevant to his withholding-of-removal and CAT claims. In his brief, Gaitan does not address the IJ's determinations or the BIA's affirming those determinations; he instead offers new evidence. Because the BIA did not err by declining to consider this new evidence, and because Gaitan does not otherwise address the merits of the BIA's determination of these two claims, he has not shown the record compels a conclusion contrary to that reached by the BIA.

DISMISSED in part and DENIED in part.