# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2021

Lyle W. Cayce
Clerk

No. 19-60822
Summary Calendar

Phoebe Bochere Omwega, *also known as* Phoebe Omwega,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A058 838 662

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Phoebe Bochere Omwega, a native and citizen of Kenya, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60822

Torture (CAT).  After the IJ found Omwega removable as charged because she had an aggravated felony conviction as defined in 8 U.S.C. § 1101(a)(43)(U) and (K), Omwega sought relief from removal claiming that she would likely be tortured through female genital mutilation if she returned to Kenya.  The IJ denied all relief based on an adverse credibility finding, but the IJ also determined that Omwega was statutorily ineligible for asylum based on her aggravated felony conviction, she was barred from seeking withholding of removal because she had been convicted of a particularly serious crime, and she failed to meet her burden regarding CAT relief.

In this court, Omwega argues for the first time that her conviction did not qualify as an aggravated felony or a particularly serious crime and that the IJ failed to develop a sufficient record.  An alien's failure to exhaust all available administrative remedies for an issue as required by 8 U.S.C. § 1252(d)(1) creates a jurisdictional bar as to that issue.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  An issue is exhausted if it was presented to the BIA on direct appeal, in a motion to reopen, or in a motion for reconsideration.  *Omari v. Holder*, 562 F.3d 314, 318, 320-21 (5th Cir. 2009).  Although Omwega urges us to follow decisions from other circuits holding that exhaustion is not jurisdictional but is instead a claims-processing rule that is subject to various exceptions, we must follow our court's binding precedent.  *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).  Accordingly, because Omwega failed to exhaust these arguments by raising them before the BIA, we lack jurisdiction to consider them.  *See Roy*, 389 F.3d at 137.

Under § 1252(a)(2)(C), we also lack jurisdiction to review the final order of removal against Omwega because she was removable by reason of having committed an aggravated felony.  Although we retain jurisdiction under § 1252(a)(2)(D) to consider legal and constitutional questions, Omwega's challenges to the IJ's adverse credibility determination and the

2

No. 19-60822

denial of CAT relief are not based on legal or constitutional issues. Accordingly, we lack jurisdiction to consider those challenges.  *See Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017); *Siwe v. Holder*, 742 F.3d 603, 612-13 (5th Cir. 2014).

Accordingly, the petition for review is DISMISSED.