# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

No. 20-60370
Summary Calendar

Julio Perez-Gomez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 565 856

---

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Julio Perez-Gomez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) denying his applications for: asylum; withholding of removal; and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).

The IJ denied Perez' applications for asylum and withholding of removal, finding he had neither alleged the Guatemalan government had persecuted him nor demonstrated a well-founded fear of persecution based on that government's unwillingness or inability to control the gangs that Perez claimed to fear. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (explaining that, for asylum, applicant must demonstrate persecution or a well-founded fear of persecution "by the government or forces that a government is unable or unwilling to control" (citing 8 U.S.C. § 1101(a)(42)(A) and 8 C.F.R. § 1208.13(b)(1)); *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (explaining withholding of removal is a higher standard than asylum, requiring applicant to demonstrate a clear probability of persecution). The IJ also denied Perez relief under the CAT, finding he had not demonstrated it is more likely than not that he would be tortured by, or with the acquiescence of, the Guatemalan government. *See, e.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006).

The BIA adopted the order of the Immigration Judge (IJ). Perez contends, *inter alia*: the BIA erred by upholding the IJ's findings. He did not, however, dispute these findings before the BIA. Perez made no mention of the Guatemalan government's ability or willingness to control the cited gangs or the government's participation or acquiescence to any torture he may endure if returned to Guatemala. Because he failed to exhaust these claims before the BIA, we lack jurisdiction to review them. *See, e.g.*, *Roy*, 389 F.3d at 137.

No. 20-60370

These unreviewable findings are fatal to Perez' claims for relief. Accordingly, we need not address his remaining contentions.

DISMISSED in part; DENIED in part.