# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2021

Lyle W. Cayce
Clerk

No. 20-60273
Summary Calendar

Gurwinder Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 424 034

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Gurwinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the United Nations Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60273

Against Torture (CAT).  He also seeks, for the first time in any forum, a discretionary grant of humanitarian asylum pursuant to *Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989).  We lack jurisdiction to consider Singh's unexhausted request for humanitarian asylum.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  In all other respects, we deny the petition for review.

Singh fails to show that the BIA's decision to deny his asylum application was unsupported by substantial evidence and substantially unreasonable.  *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  The two physical beatings received at the hands of Congress Party members, the isolated threat that he would be shot the next time his attackers saw him, and the local police's response when he attempted to file a police report did not rise to the level of past persecution.  *See Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020); *Majd v. Gonzales*, 446 F.3d 590, 596-97 (5th Cir. 2006).  Nor did Singh establish a well-founded fear of future persecution if removed to India.  Despite his arguments to the contrary, Singh failed to demonstrate that his attackers were government actors, and the burden was on him, and not the Government, to show that relocation within India was unreasonable.  *See* 8 C.F.R. § 1208.13(b)(3)(i)-(iv); *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001).  The BIA's determination that Singh failed to make this showing is supported by substantial evidence.  *See Sharma*, 729 F.3d at 411.  While Singh challenges the IJ's finding that he failed to establish the requisite nexus between his political opinion and his persecution, the BIA did not explicitly affirm the IJ's nexus finding, and, thus, this argument is not before us.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

As Singh acknowledges, an applicant has a heavier burden of proof when seeking withholding of removal than he has when seeking asylum.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Because he failed to meet the standard for asylum, Singh cannot meet the standard for

2

obtaining withholding of removal. *See id.*; *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, with respect to his application for CAT relief, Singh points to no record evidence showing that the Indian government would acquiesce to any torture if he returned to India. Insofar as Singh relies largely on evidence of general country conditions to establish the likelihood of torture, "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Furthermore, to the extent that Singh failed to show that the actions of local police constituted persecution for purposes of asylum, "[i]t follows *a fortiori* [that] they do not constitute torture." *Id.* Thus, the record does not compel the conclusion that Singh will, more likely than not, be subjected to torture if removed to India. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.