# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2022

Lyle W. Cayce
Clerk

No. 20-60709
Summary Calendar

---

Sandrah Ache Tegwi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 315 740

---

Before Barksdale, Costa, and Oldham, *Circuit Judges*.

Per Curiam:*

Sandrah Ache Tegwi, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She asserts: the BIA

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

erred by not concluding she was a member of her proposed particular social group (PSG), claiming the Immigration Judge's (IJ) adverse-credibility finding did not cover this issue; her proposed PSG membership makes her eligible for relief; and her case should be remanded or reopened.

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*, factual findings for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

An adverse-credibility determination is a factual finding. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). Therefore, "if the IJ's credibility determinations are supported by the record, they will be affirmed". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). In making an adverse-credibility determination, the IJ "may rely on *any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (citation omitted) (emphasis in original).

The BIA's decision was grounded in "specific and cogent reasons derived from the record". *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Tegwi does not show substantial evidence compels a contrary result. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 772 (5th Cir. 2020) (denying petition for review because record did not support petitioner's credibility). The adverse-credibility finding was a sufficient basis for the conclusion that Tegwi was ineligible for asylum and withholding of removal. *Id.* (explaining "adverse credibility determination prevents [petitioner] from satisfying her burden of establishing eligibility for asylum, withholding of removal, and protection under CAT").

No. 20-60709

Additionally, her requested forms of relief are not predicated solely on PSG membership. To qualify for asylum, an applicant must demonstrate, *inter alia*, either past persecution, or a "well-founded fear of future persecution". 8 C.F.R. § 208.13(b) (asylum eligibility). To qualify for withholding of removal, an applicant "must demonstrate a clear probability of persecution upon return". *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (per curiam) (citation omitted). To establish a claim for CAT protection, an applicant must demonstrate it is more likely than not that she will be tortured in her home country "at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity". 8 C.F.R. §§ 1208.16(c)(2) (eligibility of withholding under CAT), 1208.18(a)(1) (defining torture). Tegwi does not point to any evidence showing it is more likely than not that she will be tortured if repatriated. *E.g.*, *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (explaining protection under CAT requires torture, a "higher bar" than persecution).

Finally, because her request for reopening or remand was not presented to the BIA, our court lacks jurisdiction to consider it. *See Roy*, 389 F.3d at 137 (explaining "[j]udicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right"); 8 U.S.C. § 1252(d)(1) (judicial review of orders of removal).

DISMISSED IN PART; DENIED IN PART.

3